107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Joseph MORALES, Defendant-Appellant.
 No. 96-1225.
 United States Court of Appeals, Second Circuit.
 Jan. 28, 1997.
 
 1
 Appearing for Appellant:David Cooper, N.Y., N.Y.
 
 
 2
 Appearing for Appellee:Sharon L. McCarthy, Ass't U.S. Att'y, SDNY, N.Y., N.Y.
 
 
 3
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 4
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 5
 Defendant Joseph Morales appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before Lewis A. Kaplan, Judge, convicting him of conspiracy to violate civil rights, in violation of 18 U.S.C. § 241; three counts of subjecting persons to involuntary servitude, in violation of 18 U.S.C. §§ 1584 and 2; and three counts of importing and harboring illegal aliens for the purpose of prostitution in violation of 8 U.S.C. § 1328 and 18 U.S.C. § 2, and one count of conspiring to do so, in violation of 18 U.S.C. § 371 ("prostitution conspiracy count"). He was sentenced principally to 70 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Morales principally challenges the sufficiency of the evidence, the admission of certain evidence, and the government's alleged suppression of exculpatory evidence in violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963); he also challenges various aspects of the calculation of his sentence. For the following reasons, we reject his contentions and affirm the judgment.
 
 
 6
 In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. See, e.g., United States v. Esdaille, 769 F.2d 104, 108 (2d Cir.), cert. denied, 474 U.S. 923 (1985); United States v. Martino, 759 F.2d 998, 1002 (2d Cir.1985); United States v. Losada, 674 F.2d 167, 173 (2d Cir.), cert. denied, 457 U.S. 1125 (1982). In reviewing such a challenge, we must credit every inference that could have been drawn in the government's favor, see, e.g., United States v. Bagaric, 706 F.2d 42, 64 (2d Cir.), cert. denied, 464 U.S. 840 (1983); United States v. Carson, 702 F.2d 351, 361 (2d Cir.), cert. denied, 462 U.S. 1108 (1983), and we must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt, see, e.g., United States v. Buck, 804 F.2d 239, 242 (2d Cir.1986); United States v. Taylor, 464 F.2d 240, 244-45 (2d Cir.1972). These principles apply whether the evidence being reviewed is direct or circumstantial. See, e.g., Glasser v. United States, 315 U.S. 60, 80 (1942). A defendant's knowledge of and participation in a conspiracy can be proven entirely through circumstantial evidence. See, e.g., United States v. Gordon, 987 F.2d 902, 906-07 (2d Cir.1993). Proof of a tacit conspiratorial understanding will suffice, whether or not the conspirators have agreed to all of the details. See, e.g., United States v. Skowronski, 968 F.2d 242, 247 (2d Cir.1992).
 
 
 7
 Morales has not met his burden. The evidence presented by the government included proof that Morales was in charge of security at the brothel; that his responsibility in that position was to prevent women from leaving the brothel without the managers' permission; and that he knew that the women were illegal aliens smuggled into the United States, that they owed debts to their captors, and that they were required to repay their debts by engaging in prostitution. The evidence was ample to permit a rational juror to infer that Morales participated in a conspiracy to deprive the captive women of their civil rights and to harbor illegal aliens for the purposes of prostitution.
 
 
 8
 Morales also complains that the prostitution conspiracy count charged him with conspiring not only to harbor aliens for the purpose of prostitution but also to import them and transport them in foreign commerce for that purpose, and that there was no evidence to support the importation and foreign transport branches of that charge. Even assuming that there was not sufficient evidence with respect to those branches, this contention provides no basis for relief. An indictment charging a conspiracy to achieve two or more unlawful goals can properly be supported by proof of any of the alleged goals. See, e.g., Griffin v. United States, 502 U.S. 46, 52-57 (1991); Turner v. United States, 396 U.S. 398, 420 (1970); United States v. Rogers 9 F.3d 1025, 1033 (2d Cir.1993), cert. denied, 115 S.Ct. 95 (1994). Insufficiency of the evidence to support one of the bases submitted to the jury does not invalidate the jury's verdict of guilty. See Griffin v. United States, 502 U.S. at 56. Since the evidence in the present case was ample to support the charge that Morales conspired to harbor aliens for the purpose of prostitution, the jury's verdict on this count was valid.
 
 
 9
 Morales's Brady claim fails because he had, prior to trial, the information he needed to discover the evidence he claims was withheld from him. See, e.g., United States v. Gaggi, 811 F.2d 47, 59 (2d Cir.) ("[N]o Brady violation occurs if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence."), cert. denied, 482 U.S. 929 (1987).
 
 
 10
 Nor do we find merit in Morales's challenges to his sentence. The challenge to the offense-level enhancement on the basis that the captive women here were vulnerable victims within the meaning of Sentencing Guidelines § 3A1.1 has been rejected in the related appeal of Morales's codefendant. See United States v. Kedjumnong, 101 F.3d 686 (2d Cir.) (table) (enhancement appropriate "because the victims were young, unable to speak English, unfamiliar with their surroundings, and fearful of going to the authorities for fear of deportation"), cert. denied, 117 S.Ct. 530 (1996). Morales's contention that there was no coercion here within the meaning of § 2G1.1(b)(1) has likewise been rejected. See United States v. Kedjumnong, 101 F.3d at 686 ("The coercion enhancement was supported by evidence showing that the women were guarded, physically threatened, and prevented from leaving the brothel except under supervision.") Morales's additional contention that the sentencing court improperly found him to be a manager within the meaning of Guidelines § 3B1.1(c) is without merit. "[A] manager or supervisor is one who exercises some degree of control over others involved in the commission of the offense." United States v. Liebman, 40 F.3d 544, 548 (2d Cir.1994) (internal quotation marks omitted). The evidence showed that Morales was in charge of security at the brothel and that he supervised and paid other security personnel, whom he hired.
 
 
 11
 We have considered all of Morales's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.